H. H. & S. Sherwin *v.* Colburn, Davis & Co.

*Book Account.   Motion to dismiss.   Offset.   Payment by an order.*

Where the account pleaded in offset exceeds the sum of ten dollars, the case is appealable, unless the account appears to be fictitious, or filed for the purpose of obtaining the right of appeal.

Where the defendants gave the plaintiffs an order to pay the balance of plaintiffs' account against them, which account, by the terms of the contract, was to be paid in teaming, and the order was so drawn, and received by plaintiffs, who called upon the payor, and he promised to pay the same, and afterwards did freighting or teaming for the plaintiffs, to an amount exceeding $400, and the plaintiffs retained the order about three years, when the payor failed, in plaintiffs' debt, and the plaintiffs then called upon defendants to pay the same ; under these facts, *it was held,* that after the plaintiffs accepted the order, and the promise of the payor to pay, the amount to them, the defendants had a right to insist upon the application of so much of the subsequently accruing account for freight, as was sufficient to satisfy the order, and that the account of the plaintiffs, was paid by the order.

Book Account, the action was originally commenced before a Justice of the Peace, and came to the County Court by appeal.

The appeal was entered in the County Court, November Term, 1851, and the plaintiffs filed their motion to dismiss the appeal, for reasons appearing upon the face of the justice records.   The County Court,—Collamer, J., presiding,—overruled the motion, and judgment to account was rendered, and an auditor was appointed, who reported substantially the following facts :

That the plaintiffs, at the time their account accrued, were partners in business, and the defendants were partners in the teaming business, and contracted to do the freighting of the plaintiffs, and receive their pay therefor, in property other than cash.

That the parties, in August, 1845, settled, and a balance was

found due the plaintiffs of about three dollars, for which a due bill was given, which has been paid. That it was afterwards ascertained, that two items, amounting to $9 22, were not included in the settlement, and on the 8th day of January, 1846, the defendant, Colburn, gave to the plaintiff, H. H. Sherwin, an order on one True Robbins, of which the following is a copy :

" Chester, January 8th, 1846.    Mr. Robbins, please pay H. H.
"& S. Sherwin, nine dollars, and twenty-two cents in freighting,
" and charge to our account.
"$9 22.            (signed)            COLBURN & DAVIS."

That plaintiffs took this order and told defendant Colburn, that if Robbins paid the order, well and good, if not, he (Sherwin) should look to him (Colburn) for it.

That afterwards, plaintiffs called on Robbins, and told him of the order, and Robbins said he would pay it as soon as he could, that he was owing them, (Colburn & Davis,) and they were urging him for pay, and he found it difficult to pay as fast as they wanted it.    That at the time this order was given, Robbins was indebted to the plaintiffs, to the amount of over forty dollars, and afterwards did freighting for the plaintiffs, to the amount of over four hundred dollars.    That there was during all this time, an open running account between the plaintiffs and said Robbins, the balance of which was always in the plaintiffs' favor, and that said Robbins is still indebted to them, in about fifty dollars; and that he had property at the time the order was given, in his hands, to a considerable amount, and continued to have until the spring of 1849, when he failed, and has since been destitute of attachable property.    That the plaintiffs kept the order and made no claim upon the defendants until after the failure of Robbins; and that they then called upon the defendants to pay the same, which they declined to do.

The County Court, December Term, 1852, — COLLAMER, J., presiding,—rendered judgment for the defendants, upon the report.    To which the plaintiffs excepted, and the case came to this court, on this and former exceptions, to the ruling of the court below, on the motion to dismiss the appeal.

*L. Adams* for plaintiffs.

*H. E. Stoughton* for defendants.

The opinion of the court was delivered by

ISHAM, J.   The judgment before the justice, in this case, was rendered for the plaintiffs, from which the defendants appealed.

The account of the defendants, which was pleaded in offset, exceeded the sum of ten dollars, and on its disallowance by the court, an appeal was properly allowed.   There was no evidence that the account was fictitious, or filed for the purpose of obtaining the right of appeal; and where that does not appear, the right of appeal is given on the disallowance of the account.   We have no occasion, therefore, to pass upon the question, whether an appeal could be taken on the allowance of the plaintiffs' account, as the right is secured on the defendants' account in offset.   The motion to dismiss was, therefore, properly overruled.

From the facts found by the auditor, we think also, that the judgment of the County Court should be affirmed, on the merits of the case.   The plaintiffs' account consisted of a charge for plank, and a three dollar uncurrent bill, amounting in all, exclusive of interest, to the sum of nine dollars and twenty-two cents; and this account, seems not to have been arranged in the general settlement of their accounts, by the parties, in August, 1845.   The auditor finds that this account was to be paid in freight.

In settlement of this account, the auditor states, that on the 8th day of January, 1846, the defendants gave the plaintiffs an order on one Mr. Robbins, for the amount of the account, payable in the same manner.   The order was received by the plaintiffs, and has been retained by them.   We learn from the report also, that after the order was received by the plaintiffs, Robbins did labor of this kind for the plaintiffs, to the amount of over four hundred dollars, and that an open running account existed between them, until about the time of the failure of Robbins, in the spring of 1849. This order, Robbins, soon after it was given, promised to pay them as soon as he could.

Under these circumstances, it was the duty of the plaintiffs to have charged Robbins with the amount of that order, and apply thereon the account which subsequently accrued; and then it would have operated as payment of this account against the defendants.   There was no propriety in the plaintiffs retaining that order, and paying Robbins otherwise for his labor, and then, after his failure, calling upon the defendants for the amount of this account.

The order should be considered and treated as paid, in the subsequent dealings between the plaintiffs and Robbins. This view of the case is not affected by the fact, that the plaintiffs had overpaid Robbins, and that he was indebted to them, at the time of his failure, on their general account. After the plaintiffs' acceptance of that order, and the promise of Robbins to pay the amount to them, the defendants have a right to insist upon the application of so much of the subsequently accruing account for the freight, as was sufficient to satisfy the order, and it was the duty of the plaintiffs, to have withheld a sum sufficient for that purpose.

We think, therefore, that this account of the plaintiffs, should be considered and treated as paid by that order.

The judgment of the County Court, which was for the defendants, must be affirmed.